This is People v. Campbell for the appellate, Mr. Andrews, and for the appellate, Mr. Launderden. You may proceed. I beg your pardon, Mr. Launderden. I'm Alan Andrews. I'm the office of the State Appellate Defender to represent Mr. Thomas Campbell in this case. I'd be glad to answer any questions about the reasonable doubt argument, but I came over here essentially to argue that the error that occurred in Issue 2 is a plain error. Thomas Campbell told the police many times that he did not molest his nieces. The State, in its rebuttal argument, argued that the jury should not believe those denials because Mr. Campbell was not animated when he made them, and a normal person would have been much more flustered, animated, louder, etc. The argument may have been persuasive because Mr. Campbell indeed was not always animated during this interview. But the State did not play the entire recording of the interview of Mr. Campbell. In one two-and-a-half-minute segment that the State edited out of the recording, Mr. Campbell, he's not the only person talking, but in two-and-a-half minutes he managed to say, I didn't do nothing, I didn't do it, I didn't do it, they're lying, I don't know why. But that's not why the State redacted that portion of the video, is it? No, absolutely not. Why they redacted the video is absolutely irrelevant in this case. It doesn't matter at all. The point is that once it was redacted, for whatever valid reason, the State can't take advantage of having redacted it by making an argument that is misleading, or is misleading, and that the jury would know it was misleading if it had not been redacted. Was he really animated during that portion of the video? He was more animated than he was in the beginning. He was making repeated protestations, and he ended that segment with, it's all a lie. Then, at the very end, which was also redacted, he actually was quite agitated. He said, I didn't do nothing. He stood up, not realizing that he was under arrest, apparently. Tried to leave the room, announcing that he was going to be calling his lawyer, which caused quite the animated scene as the police officer tried to collar him. So, the ending, definitely, he was very agitated, very animated, very upset by the allegations. The State, on appeal, has argued that the jury was not misled because the prosecutor merely argued that Mr. Campbell was not animated at the very beginning, when he first heard the allegations. I don't believe that that matters at all, what the prosecutor meant. Once the prosecutor defined a credible denial as an animated denial, any animated response became relevant. Because had the jury seen the edited portions, which were more animated, they could have decided that while Mr. Campbell was calm at the beginning, he became very animated, as the prosecutor thought he should be. And the jury could have decided that that was an appropriate response, and could have decided that his denials, under the definition of a prosecutor who says they have to be animated, were in fact animated and were therefore credible. Now, there was no objection to the State's rebuttal argument, and I'm going to try and focus on whether, in this argument, in the oral argument, whether the evidence was close enough so that there was plain error in this case. The evidence in this case is really as close as it can possibly be in this type of case. These allegations covered seven years. Seven years when Mr. Campbell was alleged to have sexually assaulted his nieces, and the beginning of that period was about 15 years before the trial even started. Now, obviously, these long periods of time where there's no specific date, no specific location, you know, Mr. Campbell asked for a bill of particulars, where was it, when was it, and the State said, well, we don't know, it was at whatever residence he was living at whenever it happened. You know, that type of thing hampers the defense. The age also hampers, you know, there's no exculpatory scientific evidence, because there was, you know, no complaint at the time when maybe there could have been a physical examination. Memories fade over time. For example, in his interrogation interview by the police, Mr. Campbell was completely unable to explain where he had lived at various times, you know, during the period of the alleged abuse. The long period of time, the seven years during which the abuse allegedly occurred, prevents a defendant from presenting an alibi, which really is about the only way you can defend against one of these charges. Nonetheless, the defense did what it could in this case. One of the allegations was that Mr. Campbell forced his niece, BL, to perform oral sex on him, but his ex-wife testified that BL's medical problems were so severe that she never, ever left BL alone with Mr. Campbell. She had to be with BL all the time because of her problems. More generally, his ex-wife and his son testified that the ex-wife was almost always present when Mr. Campbell was with his nieces. Mr. Campbell's son testified that it would not matter if the mother was gone, because even if she was gone, the children were together at all times. Mr. Campbell's ex-wife and his son denied that AP and BP, two of the nieces, ever slept by themselves in the living room, as they had testified, that Mr. Campbell's children always slept with them so that they were not alone. His ex-wife testified that she never saw Mr. Campbell try to do anything inappropriate with the children. She never saw him try to be alone with the children. She testified that she slept with Mr. Campbell and thought that if he got up in the middle of the night to do something inappropriate, she certainly would have noticed. His ex-wife testified that one of the nieces brought her own children over to the house when she'd grown up. There was no testimony from any of the complainants that they saw the other complainants molested by Mr. Campbell. Again, that doesn't cover everything. He can't prove that he never had the opportunity to commit these crimes, but given the nature of the allegations, the defense was pretty good. Now, turning to how prejudicial the error was, about the most favorable evidence maybe he had was his reaction to these allegations when he was interrogated by the police. He always denied the allegations. He never confessed. You know, many people do confess to such crimes when they're interrogated. Yet, you know, the state argued that these denials were actually a confession. Now, normally I would say that if an attorney mischaracterized the evidence in closing argument, it's not very prejudicial because you can rely on the jury, having heard the evidence, to correctly appraise it and to disregard the prosecutor's or the defense attorney's mischaracterization of the evidence. But that's not true in this case. The jury didn't hear the evidence that would show that the prosecutor was mischaracterizing the evidence in this case, that he was mischaracterizing Mr. Campbell's response as being placid and bizarre. They didn't see the ending where he leaps up and tries to leave to call his attorney. Therefore, the argument in this case was extremely prejudicial because the jury could not know that it was not true. Now, you know, you know, sexual assault of minors is a serious problem and the legislature has decided to expand these, you know, statute of limitations, and that's appropriate. I mean, that's what the legislature does. It's, you know, weigh competing interests and decide which side they should come down on. But given the difficulties a defendant like Mr. Campbell operates under, when allegations are up to 15 years old and they occur over a period of seven years, who knows where, who knows when, appellate courts really should closely look at these trials and make sure that there isn't any overreaching by the prosecution. You know, the defendants have enough problems as it is. And I would just reiterate that at first glance the evidence maybe doesn't look that close in this case, but it's as close as it can be. If the prosecutor misled the jury on an important point, trying to co-opt Mr. Campbell's best evidence that he never confessed and turning that into a confession, this court should find that even though there was no objection, there was plain error and should grant Mr. Campbell a new trial. And I'm finished unless the court has any questions. I'm here to be, thank you. Mr. Lauderdale. Good afternoon, Your Honor. May it please the court, counsel. I too will limit my comments only to the second issue which has been raised by the defendant, and that is the comments of the prosecutor in the closing argument. With all due respect to the opposing counsel, I suppose reasonable men can differ in their interpretations of what is meant by comments, but I watched the videotape, and I don't believe it was the prosecutor's intent to suggest that the defendant never denied. He does deny. It's the manner in which he denies. It's his demeanor. It's the way he carries himself, and that's what the prosecutor has commented upon, and that's appropriate comment. He doesn't say that the guy never denied it. In fact, he goes out of his way to say that he appreciates, first of all, it's the state's burden to prove everything, and he appreciates people act differently under different circumstances. He says, everybody doesn't respond the same way, but you also know as a human being, if someone says you sexually assaulted one of your family members, the hell I did. The hell I did. No way. Stop right now. What are you talking about? Who said that? When? Why? What was I supposed to have done? Are you kidding me? We don't see any of that. So he's commenting upon how this guy responds when first being accused of this particular act, and that's appropriate. I mean, the jury saw how he reacted. He didn't say any of those things. He had kind of a deadpan, unemotional response. You know, he'd been caught at something, and he didn't know what to say. So the prosecutor's not saying that he didn't vehemently deny it. He's not saying that he wasn't sufficiently animated. He's saying that you look at it. That's not how I would anticipate an innocent man to respond to these types of accusations. And these comments were invited by the defense counsel. On appeal now, in their reply brief, the defendant states that you can't have the invited response doctrine where the prosecutor responds to an improper comment by defense counsel. He says defense counsel did not make an improper comment, so it cannot then have been invited. Well, what did defense counsel do in his closing argument? You know, he states repeatedly. He kept saying to Officer Campbell, or Officer Bennett, over and over and over, I haven't done anything. I didn't do anything today. So defense counsel's arguing that he's made repeated denials. Now, if defense counsel is referring to any portion of the videotape which was redacted or not played to the jury, that's an appropriate comment by defense counsel. If defense counsel's not referring to any portion of that videotape that was redacted or not played, then he's suggesting that portion that was played contains sufficient denials that the jury ought to consider those denials. So if the defendant is proper in addressing that portion of the videotape, why isn't the prosecutor equally appropriate in addressing that portion of the videotape? So you can't have it both ways. Either the defense equally is guilty of referring to some portion of the videotape which was inappropriate, which I don't think he was doing, and so is the state. I think both gentlemen simply saw what is on the tape, what I saw, and it was someone that was just not responding as you would anticipate someone would respond when accused of these types of heinous crimes. I don't believe that the evidence is very close either. Yes, there has been significant time. You know, I guess the 15-year-old was 4 years old at the time of her assault. The 22- and 21-year-old girls were between the ages of 6 and 12 during their assault. But these things are no more difficult to defend than they are to prosecute. You're dealing with, you know, how this whole thing came about gives great support to its legitimacy and to its believability. The 15-year-old finally remembers what has happened to her when she's in a sex-ed class in her high school, and these repressed memories come to light, and she shares them with her teacher. There's no suggestion that she's out to get her Uncle Tom in any fashion. There's no suggestion that she's even seen her Uncle Tom in years. But the class evokes these memories, and she reports them to the teacher, who reports them to her mother. Then when it gets out among the family members that there's a discussion or a concern and that there's a family member been accused of sexual impropriety, one of the other witnesses then says, Don't tell me it's Uncle Tom before any names are even mentioned. She volunteers to defend it. Don't tell me it's the defendant. Well, she says, You need to talk to my other sister, who she hasn't spoken to about these things in six years. But nevertheless, these two girls have their own stories of sexual impropriety, and apparently weren't going to do anything about it. And that's the problem that the prosecution has to suffer with. These girls are embarrassed. They've been victimized. They don't feel comfortable coming forth and reporting these things, even when they have memories of them. So how all this evolved, how these stories came about, all gave credibility to these three young women. And that's why the jury found them credible, and that's why the jury found the defendant guilty of these offenses. The court doesn't have any questions.  Thank you, Judge. Hello? I didn't make up the word animated. The prosecutor said, Doesn't ask who doesn't become animated. So that's where animated came from. It wasn't his rebuttal argument. As far as it being an appropriate comment on his demeanor, the point here is it's analogous to where a defendant has a confession suppressed because there's a Miranda violation. The defendant isn't then allowed to get up and testify in a fashion that's inconsistent with his confession. Then he can be impeached with it. Here, even if the state appropriately redacted the statement, it cannot then make an argument that would be contradicted by the entire statement. It's just like it's not proper. You can't make an argument that you know is factually untrue. As far as the invited error, I was going to address that, but actually I think my reply brief responds to that as well as I could, and I'm not going to repeat myself. Other than those two points, I have nothing else to add. Thank you. Okay. Thank you. We'll take this matter under advisement and stand in recess until further call.